UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00297-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **VINCENT ALLEN SHORTER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se letter (#54). This court sentenced defendant in September 2016 on a supervised release violation, and defendant remains represented by counsel, Mr. Meier. Defendant appears to remain in the custody of the United States Marshal at the Mecklenburg County Jail awaiting designation to a BOP facility.

In his letter, defendant complains that jail authorities are not providing him with his medication. He also asks that the court designate Butner as his place of incarceration due to that facilities reputation in dealing with mental illness. Defendant also seeks to have "run all other charges that[] [are] open with my violation time."

As the court advised defendant at the hearing, this court cannot place him at any particular facility, but can and did recommend placement at a mental health facility. Such recommendation was reflected in the Judgment, as follows: "[Defendant be] placed in a facility to allow the defendant to receive treatment for mental, health and drug issues, consistent with the needs of BOP." Judgment (#53) at 2. Thus, the court has done all that it can do.

As to running such sentence concurrent to a yet-to-be imposed sentence for any other violation of criminal law, the court assumes that defendant is referencing the underlying "new law violation," to wit, his state law violation for felony possession of cocaine on August 2, 2016, State v. Shorter, 16CR229202.  The court has searched the court records from Mecklenburg County and cannot find that such action is on a calendar and review of the State DOC records does not reveal a conviction for such offense.  In any event, in accordance with Setser v. United States, ___ U.S. ___, 132 S.Ct. 1463 (March 28, 2012), and while the court does not have a transcript of the SRV hearing, it is the court's intent that this federal sentence be run concurrently with any un-imposed, but anticipated state sentence that has a nexus to or stems from the criminal conduct that formed the basis of this sentence.

Finally, as to defendant's allegation that he is not receiving prescribed medication while housed at the local jail, the court will direct such inquiry to the United States Marshal who is charged with defendant's care until he is transferred to a Bureau of Prisons facility

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in his letter (#53), that request is denied.  The United States Marshal shall make inquiry and report back to the court whether defendant has been receiving prescribed medication while being housed in the Mecklenburg County Jail.

The Clerk of Court is instructed to send a copy of this Order to the United States Marshal.

Signed: October 13, 2016



Max O. Cogburn Jr.
United States District Judge